```
UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
In re
                                                              FOR PUBLICATION
    MEYER SADIGURSKY and
    SIMONA SADIGURSKY                                         Case No. 15-10034 K

                              Debtor
-----------------------------------------------------------------
Meyer Sadigursky and
Simona Sadigursky
                              Plaintiff

         -vs-                                                 AP No. 16-1024-K


LSF9 Master Participation Trust, Caliber Home
Loans, Inc., DLJ Mortgage Capital, Inc., Selene
Finance LP, GRP Loan, LLC, Santander Bank
National Association, f/k/a Sovereign Bank, National
Association, f/k/a Sovereign Bank, as Successor by
Merger with Independence Community Bank, as
Successor by Merger with SI Bank and Trust f/k/a
Staten Island Savings Bank, State Street Bank and
Trust Company, Flagstar Bank, FSB,

                              Defendants

-----------------------------------------------------------------
```

Joseph N. Froehlich, Esq.
Casey B. Howard, Esq.
LOCKE LORD LLP
200 Vesey Street, 20th Fl.
New York, New York 10281

Attorneys for Defendants LSF9 Master Participation Trust and
Caliber Home Loans, Inc.

Kristen D. Romano, Esq.
MCGLINCHEY STAFFORD
112 West 34th Street
New York, New York 10120

Attorneys for Defendants DLJ Mortgage Capital, Inc. and Selene Finance, LP

Arthur G. Baumeister, Jr., Esq.
AMIGONE, SANCHEZ & MATTREY, LLP
1300 Main Place Tower
350 Main Street
Buffalo, New York 14202

Attorneys for Plaintiffs Meyer Sadigursky and Simona Sadigursky

OPINION AND ORDER DEFERRING DECISION ON *ROOKER-FELDMAN* ISSUE PENDING AN INQUIRY[1]

The matter at Bar are Motions by Defendants LSF9 Master Participation Trust and Caliber Home Loans, Inc., and DLJ Mortgage Capital, Inc. and Selene Finance LP to dismiss this AP which challenges their standing to foreclose a mortgage and right to file a proof of claim on real property commonly known as 181 Bay 25th St., Brooklyn, New York in New York State Supreme Court, Kings County. The Motions are based in part on *Rooker-Feldman.*

In the year 2009 an entity named "GRP Loan, LLC" obtained what a state court termed a "judgment" by default in a foreclosure action as to real estate owned by these Debtors. It was not a "Judgment of Foreclosure and Sale" under NY Real Property Actions and Proceedings Law §1351, and so it seems to be agreed among the parties that what

---

[1] *Rooker-Feldman* is a term that identifies a doctrine regarding federal court jurisdiction under Article III of the U.S. Constitution. The doctrine explains that certain state court decisions are reviewable in federal court only after whatever state court appeals provide a path to the U.S. Supreme Court. *Rooker* is *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *Feldman* is *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). The most recent pronouncement by the High Court on the doctrine is in *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005). Here in the Second Circuit, the binding decision is *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77 (2005), which is noted below.

is at issue here is an *interlocutory order* of the foreclosure court. There is authority for the proposition that some interlocutory state court orders are entitled to "preclusive effect" in a subsequent federal suit. [See *In re 56 Walker, LLC,* 2014 WL 1228835 (Bankr. S.D.N.Y. 2014)*,* in which Bankruptcy Judge Gropper cites *Teachers Ins. & Annuity Ass'n of Am. v. Butler,* 803 F.2d 61 (2d Cir. 1986) and *In re Briarpatch Film Corp.,* 281 B.R. 820 (Bankr. S.D.N.Y. 2002)]. "Preclusive effect" is, however, not like a *Rooker-Feldman* defense. If a defendant in an action in federal court properly raises and sustains a *Rooker-Feldman* objection to jurisdiction, it need not prove-up (among other things) its entitlement to protection under the various "finality" doctrines that otherwise (1) might require examination of the record before the state court, or (2) might have been waived or forfeited, etc. in some fashion before or in the subsequent action in federal court. When *Rooker-Feldman* applies, it bars federal court inquiry at any level below the U.S. Supreme Court. The lower federal court lacks jurisdiction to order anything at all.

In this case, however, it is by no means clear that *Rooker-Feldman* is applicable. Those invoking it assert that they are downstream holders of whatever rights GRP Loan, LLC could assert here if it still held the mortgage and note and could assert *Rooker-Feldman* for itself[2], but the movants do not include GRP Loan, LLC.

Simply stating that "I am a defendant who bought rights derived from a state court ruling and I assert a *Rooker-Feldman* objection to the jurisdiction of this court" cannot,

---

[2] The Debtors challenge the Defendants' standing with great intensity. The caption of the AP suggests the complexity of the stream of ownership of mortgage rights.
    It is not always a certainty that a downstream owner of certain interests has the same rights as the initial holder. See this writer's decision in the case of *In re 256-260 Limited Partnership,* Case No. 14-11582 K (5/20/15).

of itself, strip this Court of jurisdiction to determine its own jurisdiction: to inquire into the matters (factual or otherwise) that are relevant to whether it actually has jurisdiction.[3]

There are too many dots to be connected before this Court might conclude that it has no jurisdiction (under *Rooker-Feldman*) to order, at the least, <u>further scheduling</u> (as opposed to anything dispositive).

For now the *Rooker-Feldman* argument for dismissal is suspended (11 U.S.C. §305). The Court will consider it again when and if necessary at the Court's sua sponte discretion, or upon suggestion by any party.

So decided, the next matters to be considered are questions of (1) standing, and (2) preclusion. Some discovery demands might be an efficient way to proceed. (See F.R.Civ.P. Rule 1.) Scheduling as to these matters will be discussed by telephonic conference on January 9, 2017 at 2:00 pm in Part I.

SO ORDERED

Dated:     Buffalo, New York
            January 3, 2017

                                      s/ Michael J. Kaplan
                                            U.S.B.J.

---

[3] A similar, but non-analogous proposition was raised in this Court in the case of *In re Zywiczynski*, 210 B.R. 924 (1997). The defendant in that case was the State of New York. Its "sovereign immunity" defense has a certain similarity to the Defendants' *Rooker-Feldman* assertion here. If either defense is upheld, then this Court may not "adjudicate" anything at all that affects the party that properly presents it. In *Zywiczynski* it was clear that the State was immune from responding to appropriate inquiry. This Court ordered only an "inquest".

    In the present case, it is not clear that the parties seeking to block adjudication here have standing to do so. A procedure similar to that utilized in *Zywiczynski* seems practical, appropriate, and not violative of Article III. See, generally, *Hoblock, supra,* interpreting *Exxon, supra,* which severely overruled many lower-courts' expansive view of *Rooker* and *Feldman*.