UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------------------
In re

    MEYER SADIGURSKY and
    SIMONA SADIGURSKY

<u>FOR PUBLICATION</u>

Case No. 15-10034 K

                              Debtor
------------------------------------------------------------------
Meyer Sadigursky and
Simona Sadigursky

                              Plaintiff

           -vs-

AP No. 16-1024 K

LSF9 Master Participation Trust, Caliber Home
Loans, Inc., DLJ Mortgage Capital, Inc., Selene
Finance LP, GRP Loan, LLC, Santander Bank
National Association, f/k/a Sovereign Bank, National
Association, f/k/a Sovereign Bank, as Successor by
Merger with Independence Community Bank, as
Successor by Merger with SI Bank and Trust f/k/a
Staten Island Savings Bank, State Street Bank and
Trust Company, Flagstar Bank, FSB,

                              Defendants

------------------------------------------------------------------

                              Joseph N. Froehlich, Esq.
                              Casey B. Howard, Esq.
                              LOCKE LORD LLP
                              200 Vesey Street, 20th Fl.
                              New York, New York 10281

Attorneys for Defendants LSF9 Master Participation Trust and
                              Caliber Home Loans, Inc.

                              Kristen D. Romano, Esq.
                              MCGLINCHEY STAFFORD
                              112 West 34th Street
                              New York, New York 10120

Attorneys for Defendants DLJ Mortgage Capital, Inc. and Selene Finance, LP

Arthur G. Baumeister, Jr., Esq.
BAUMEISTER DENZ LLP
174 Franklin Street Suite 2
Buffalo, New York 14202

Attorneys for Plaintiffs Meyer Sadigursky and Simona Sadigursky

OPINION AND ORDER

BACKGROUND

Debtors, Meyer and Simona Sadigursky filed a Petition under Chapter 11 of the Bankruptcy Code on January 12, 2015 in the Western District of New York while a foreclosure action was pending in State Supreme Court, Kings County involving one of their properties. Said property, located at 181 Bay 25th Street, Brooklyn, New York (the "Property") and the foreclosure of its mortgages is the subject of this adversary proceeding.

Over the course of one and one-half years, between March 1, 2006 and August 16, 2007, one or the other of the Debtors filed for relief under Chapter 13 of the Bankruptcy Code a total of six times in the Eastern District of New York. All six of the cases were dismissed within a relatively short period of time of the filings, mainly due to deficiencies such as failure to file schedules in a timely manner or failure to obtain prepetition credit counseling. There does not appear to have been any other bankruptcy filings by these Debtors as individuals between 2007 and the filing of this case in 2015. Their only connection with the Western District of New York ( so far as the Court knows) is that they

own a trust that is the owner of a boarding house in Buffalo, and that trust is also a Chapter 11 Debtor in this Court (Case No. 13-12838 K) and has a confirmed plan.

On June 10, 2016, Debtors filed this Adversary Proceeding against eight Defendants seeking a declaratory judgment as to the enforceability of the notes secured by mortgages recorded as against the Property and challenging the validity of the liens and the standing of the Defendants to enforce them due to the multitude of assignments and the statute of limitations.

Defendants, LSF9 Master Participation Trust, Caliber Home Loans, Inc. and DLJ Mortgage Capital, Inc and Selene Finance, LP have appeared by their respective attorneys and filed Motions to Dismiss the Complaint on several grounds including but not limited to: violation of the *Rooker-Feldman* Doctrine and the doctrines of collateral estoppel and res judicata.

In response, Plaintiffs argue that none of these doctrines apply in this case and raise the issue of errors and defects in the foreclosure process and question the standing of the appearing Defendants and Defendant GRP Loan, LLC (hereinafter "GRP"), the entity that brought the foreclosure proceeding in 2008.

After reading the memoranda initially submitted in support of, and in opposition to the motions to dismiss as they relate to the applicability of the *Rooker-Feldman* Doctrine, the Court decided to suspend that argument and move on to the other preclusion doctrines and ordered briefing as to whether the other preclusion doctrines would apply if GRP hadn't transferred its interest in its mortgage rights. After that round of briefing, the Court

requested the Defendants address the Debtors' contention that GRP acquired no rights to pass onto the answering Defendants due to the alleged errors and defects in the foreclosure proceeding. Further briefs were submitted.

## DISCUSSION

The Court need not address the *Rooker-Feldman* argument, or others of the Defendants' finality arguments.

For several important reasons, this Court *sua sponte* abstains from deciding this A.P. (11 U.S.C. §305) in favor of adjudication by the Supreme Court, Kings County, New York in the still-pending foreclosure action.[1] They include (in no particular order) --

- - The Debtors have proffered a *prima facie* showing that the state court's ruling on or about March 18, 2009 was obtained (in part) by means of a false affidavit (Affidavit of Joanne DiNardi, sworn to on April 23, 2008 - Exhibit F of Plaintiffs'/Debtors' submission dated May 1, 2017 at Docket #62.) The Debtors assert that that constituted a "fraud upon the state court".

- - This entire A.P. is based upon controlling issues of New York statutes, rules and regulations governing conveyances of lien interest and mortgage foreclosures. (If this Court or the state court were to agree with the Debtors that there is no final judgment of foreclosure, that the order of reference is an interlocutory order and that these answering Defendants have no standing due to the ineffective delivery of the notes and assignments

---

[1] Briefing seems to this writer to be complete as to the standing of GRP, and the state court might agree with that view.

of mortgages amongst the Defendants in this action, then no federal issue would be presented.)

- - Although it seems that the Debtors moved into the subject premises at some point during the foreclosure process (from 2437 East 1st Street, Brooklyn, NY 11223) and thus it might be "residential property" for purposes of some state statutes or regulations, it is an apartment building. Until the Debtors moved there, it was "commercial real estate" as to them, not "residential property" as defined. It is not for this Court to parse state provisions that depend on that distinction.

- - Despite the Debtors' arguments to the contrary, the "policy considerations" expressed in the case of *Staatsburg Water Co. v. Staatsburg Fire Dist.,* 72 N.Y. 2d 147, 153 (1988), do not favor adjudication in a U.S. Bankruptcy Court in Buffalo, New York. It favors adjudication in the state court that had *in rem* jurisdiction over the corpus since January 23, 2008, but for the §362 stay that began on January 12, 2015. The failure of GRP or others to complete the foreclosure suggests the possibility of a Zombie foreclosure.

## CONCLUSION

This A. P. Is suspended under 11 U.S.C. §305, pending further order of this Court.

The automatic stay of 11 U.S.C. §362 is hereby lifted so that the New York State Supreme Court, Kings County may fully adjudicate any and all issues or matters or questions arising in or related to the property at 181 Bay 25th Street, Brooklyn, NY 11214. This Court will honor all such state court rulings as those rulings relate to these Debtors' relationships to the real estate, or relate to that real estate itself.

Under 11 U.S.C. §305 (c), this Order is not appealable. Appealability of rulings by the Supreme Court, Kings County are a state law matter, to be decided by state courts on appeal through state law, not the Bankruptcy Code.

SO ORDERED.

Dated: Buffalo, New York
August 18, 2017

s/Michael J. Kaplan<br>U.S.B.J.